**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **Z.B.-1 and Z.B.-2**

**No. 22-0495** (Kanawha County 21-JA-270 and 21-JA-571)

**MEMORANDUM DECISION**

Petitioner Father R.B.[1] appeals the Circuit Court of Kanawha County's June 1, 2022, order terminating his parental rights to Z.B.-1 and Z.B.-2.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In May of 2021, the DHHR filed a petition alleging that petitioner[3] abandoned Z.B.-1 by moving to Georgia without setting up a guardianship or solidifying arrangements for the child's care. During the adjudicatory hearing in August of 2021, the DHHR introduced testimony concerning petitioner's abandonment. The court also considered in-camera testimony from Z.B.-1. Ultimately, the court found that petitioner abandoned Z.B.-1 by relocating and leaving the child without a legal guardian, any means of support, stable housing, or a plan for meeting his medical and educational needs. The court then adjudicated petitioner as an abusing and neglecting parent as to Z.B.-1 and ordered the DHHR investigate his infant sibling, Z.B.-2.

The court ordered petitioner to submit to a parental fitness evaluation. Petitioner eventually submitted to the evaluation in December of 2021, after having missed several appointments, despite receiving accommodations for a remote evaluation. The evaluator would later testify to

---

[1]Petitioner appears by counsel Carl J. Dascoli, Jr. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Andrew T. Waight. Sharon K. Childers appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because the children share the same initials, we will refer to them as Z.B.-1 and Z.B.-2, respectively.

[3]Notably, the petition listed Z.B.-1's father as "UNKNOWN/[R.B.]." However, the amended petition filed in September of 2021 named R.B. as the "alleged father" of both Z.B.-1 and Z.B.-2, and the second amended petition filed in February of 2022 confirmed R.B. as the father of both children, verifying paternity by the children's birth certificates.

petitioner's poor prognosis for improved parenting, noting his lack of motivation to engage in services, his failure to acknowledge his shortcomings or the circumstances of abuse and neglect, and his diagnosis of antisocial personality trait, which generally accompanies a lifestyle that would foreseeably result in harm to a child.

Thereafter, the DHHR filed two amended petitions that included allegations regarding Z.B.-2 and additional disclosures from Z.B.-1. Specifically, the DHHR alleged that petitioner physically abused both children, locked Z.B.-1 in his room for extended periods of time, threatened further harm for disclosing the abuse, and exposed both children to domestic violence. In light of these new allegations, the court conducted a second in-camera interview of Z.B.-1.

The court concluded the adjudicatory hearing on the second amended petition in February of 2022, at which the DHHR introduced testimony supportive of the new allegations. The court also considered Z.B.-1's recent in-camera interview and petitioner's testimony. Although petitioner again denied all allegations, the court found by clear and convincing evidence that petitioner engaged in domestic violence in front of the children and was feared by Z.B.-1. The court noted its prior adjudication of petitioner for abandoning Z.B.-1. Lastly, the court expressly found Z.B.-1's testimony more credible than petitioner's, citing the child's post-traumatic stress disorder as "probative of real trauma inflicted by [petitioner] for which [petitioner] take[s] no responsibility." Accordingly, the court adjudicated petitioner as an abusing and neglectful parent as to Z.B.-2.

At the dispositional hearing in May of 2022, petitioner moved for an improvement period. The court denied the motion, finding that petitioner did not qualify for an improvement period as he provided no evidence indicative of his likelihood to fully participate. In support of the denial, the court noted that petitioner chose not to participate in these proceedings for five months—and, even then, only after the DHHR took custody of Z.B.-2. Further, petitioner did not accept responsibility for his delayed participation or for the circumstances giving rise to the abuse and neglect. Upon the testimony and evidence submitted, the court also found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect and that termination was in the children's best interests. Accordingly, the circuit court terminated petitioner's parental rights to Z.B.-1 and Z.B.-2.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner first contests his adjudication as an abusing and neglectful parent by challenging the circuit court's credibility determinations. Petitioner bases his argument on certain aspects of the testimony, such as the fact that the children were never treated for physical injuries and on his self-serving testimony in which he denied physically abusing the children or engaging in domestic violence in their presence. However, the record specifically reflects that petitioner lacked credibility and that Z.B.-1 was credible given that the child suffered from post-traumatic stress disorder, which was probative of real trauma inflicted by petitioner. Importantly, we do not disturb credibility determinations on appeal. *Michael D.C. v.*

---

[4]All parents' parental rights have been terminated. The permanency plan for the children is adoption in the current placement.

*Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). As such, petitioner cannot be entitled to relief in this regard.

Petitioner further contests his adjudication as to Z.B.-2, asserting that there were no specific allegations that he physically abused that child. However, petitioner cannot be entitled to relief as this assertion is both inaccurate and irrelevant. First, the second amended petition does contain allegations that petitioner physically abused Z.B.-2 and that Z.B.-1 witnessed this abuse. Even more important, however, is the fact that the court never made a specific finding regarding physical abuse and did not adjudicate petitioner on that ground. Instead, petitioner's adjudication in regard to both children was based, in relevant part, on exposing the children to domestic violence, an issue that was alleged in the second amended petition and that was overwhelmingly established by the evidence. Accordingly, his adjudication on that ground was proper, and we find no error in the circuit court's adjudication of petitioner as an abusing and neglectful parent in regard to both children.

Finally, petitioner alleges that, because adjudication was inappropriate, the circuit court was barred from terminating his parental rights. However, as set forth above, we find no error in adjudication. Therefore, petitioner's argument necessarily fails, and he cannot be entitled to relief in regard to termination of his parental rights. We further note that the circuit court made the findings required to terminate parental rights under West Virginia Code § 49-4-604(c)(6), which petitioner does not contest. Specifically, the circuit court found there was not a reasonable likelihood that petitioner could correct the conditions of abuse and neglect and that termination was in the children's best interests given petitioner's failure to accept responsibility for his actions or for the circumstances giving rise to the abuse and neglect. As such, we find no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 1, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: February 7, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn